MáNLY, J.
The object of the hill is to get a construction of the marriage settlement between John Moore and, Mary Scett, entered into shortly before their intermarriage. . ■ ° O 0
The deed provides “ that, after the death of both, the «laves therein eonveyed shall be equally divided between all the children ©f the said Mary Scott that may he then *101 alive, share and share alike, as well former children as those born of the intended marriage.’” It seems the event upon which this disposition is made of the slaves Jias happened. Both are dead, without making effectual disposition of any of the property ; and if remains- to be divided according to th§ deed.
Mary'Scott, who was a widow at the tirite of her inteiv marriage with Moore,. had one child, who survives her, and is the present plaintiff. She had two children by her second marriage, Elizabeth and Lee Moore, both of whom, died before her, leaving children-. The family of Fites, mentioned as defendants, are the children of Elizabeth, and William and Maria Mooré aro- the children of Lee.
In this condition of the family the question is, Whether . Abraham Scott, the surviving child, takes the whole,.or whether the grandchildren, the children respectively of Slizabeth and Lee, take parts?
A consideration of the whole deed satisfies us, that the graudchildren may, according to the manifest intent, come under the designation of children, and take shares. One provision of the deed is, in case the intended wife shall survive, she shall have, with regard to a portion of the negroes, a power to dispoib of the same to, and among her children and grandchildren, at will.' Another provision. is, in case the wife survives and dies without leaving child or grandchild, any disposition which she shall make of the property by will shall be good.
In this last provision there is a necessary implication, that if she had, in that contingency, left a grandchild, it would* take according to their- understanding " of the deed. Both show that grandchildren, as well as children, were in the minds of the parties, and regarded as proper objects to he provided for.
*102 Another consideration may be added, arising out of the particular kind of deed before us. One of the principal objects of a marriage settlement, (it seems to be so of this) is to provide for. offspring ; all oí whom must be equally the objects of bounty, as none can have forfeited it, or placed himself in a situation to dispense with it. . There is the greater reason, therefore, for construing this class of deeds, in case of ambiguity, in such Way as to accomplish equal justice amongst offspring, and satisfy natural affections.
The Court is of opinion, that the grandchildren are embraced within the provision of the deed for, children who shall survive ; but as they come in upon the principle of representation, they must come in as classes,' and take only the shares to which their parents would have been entitled, had they survived.
Let a decree be drawn declaring these rights, and appointing commissioners to makc.di vision accordingly:
The costs must be-paid by plaintiff from the estate.